**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YESENIA JAVIER MARIA (A.K.A WANDA), *individually and on behalf of others similarly situated,* | |
| Plaintiffs, | **CA NO. 1:20-cv-03707 (JPO)** |
| EL MAMBI REST CORP. (D/B/A MAMBI), EL MAMBI STEAKHOUSE CORP. (D/B/A MAMBI), RAUL ACOSTA, RAULITO ACOSTA, GABRIEL DOE, RAFAELINA (A.K.A NINA) BAUTISTA, and GIOVANNI BAUTISTA | |
| Defendants. | |

### MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants El Mambi Rest Corp., El Mambi Steakhouse Corp., Raul Acosta, Raulito Acosta, Gabriel Doe, Rafaelina Bautista, and Giovanni Bautista respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### PRELIMINARY STATEMENT

On January 27, 2020 Defendant was fired from El Mambi Steakhouse Bar & Restaurant (hereinafter, the "Restaurant") after video evidence confirmed – what many of her colleagues had suspected for some time – that plaintiff Yesenia Javier Maria (a.k.a Wanda) (hereinafter, "Plaintiff") was stealing tips from her co-workers. Notwithstanding her dishonorable discharge, she plead her case to Raul Acosta, the previous owner of the Restaurant, to intercede on her behalf. Since he was no longer associated with the Restaurant, Mr. Acosta could not reinstate her. Instead, Mr. Acosta called a friend at another restaurant and recommended Plaintiff for a job there. She has been working there ever since.

Still angered that she was discovered and cut off from her illicit cash-flow, Plaintiff sued friend and foe alike; making unfounded allegations in hopes of regaining some the money left on

the table as a result of the discovery.

<h2 style="text-align:center">STATEMENT OF FACTS</h2>

Raul Acosta is the Owner of El Mambi Rest Corp. (Aff. at ¶ 2)[1] El Mambi Rest Corp. was formed on June 30, 2006 and thereafter commenced operating the Restaurant. (Aff. at ¶ 3). El Mambi Rest Corp operated the Restaurant from June 30, 2006 to October 19, 2017. (Aff at ¶¶ 3-5). During this Period Raul Acosta and El Mambi Restaurant Corp sought to comply with the Fair Labor Standards Act (FLSA) and the New York Labor Laws (NYLL). See Aff at ¶ 4.

El Mambi Steakhouse Corp. was incorporated on September 12, 2017 and purchased the Restaurant from El Mambi Rest Corp. On October 19, 2017. (Aff. at ¶ 5). Raulito and Gabriel are the owner operators of El Mambi Steakhouse Corp. (Aff. at ¶ 7).There are no other owners of managers of the Restaurant. Aff at ¶¶ 7-8

Plaintiff was a waitress at the Restaurant. (Aff. at ¶ 9). She worked the counter and the floor serving customers. (Aff. at ¶ 10). Since waiters at the counter and on the floor rotate and receive tips at both places all of their tips are accumulated in a tip pool that is divided between themselves at the end of the shift. (Aff. at ¶ 11). For some time, Plaintiff's colleagues suspected that Plaintiff had been stealing tips destined for the tip pool. (Aff. at ¶ 12). On or about the last week of January 2020, Plaintiff was caught on camera misappropriating tips that should have gone into the tip pool. (Aff. at ¶ 13). Thereafter, she was confronted and terminated from employment at the Restaurant. (Aff. at ¶ 14).

---

[1] References to "Aff. at ¶___" refer to the Affidavit of Raul Ryan Acosta (a.k.a. Raulito) submitted herewith in support of Defendants' Motion to Dismiss.

During her employment for El Mambi Steakhouse Corp. Plaintiff punched a clock and was paid in accordance with the labor laws. (Aff. at ¶ 15). After she was fired, Raul Acosta got Plaintiff a job at a restaurant owned by a friend of his. (Aff at ¶¶ 16-17)

## ARGUMENT

### I.  PLEADING STANDARD

To survive a motion to dismiss under Rule 12(b)(6) plaintiffs must plead enough facts to "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although factual allegations are assumed to be true, they must still be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The plausibility standard requires more than a showing of "sheer possibility that the defendant has acted unlawfully" and requires a plaintiff to make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Pleadings that contain "no more than conclusions…are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. *Id.* at 679.

### II.  PLAINTIFFS FAILS TO ADEQUATELY PLEAD UNPAID OVERTIME CLAIMS

#### A. Plaintiffs' Threadbare, Boilerplate, and Conclusive Allegations Fail to Adequately Plead an Unpaid Overtime Claim Under the FLSA

Section 207(a) of the FLSA requires that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated for that excess work "at a

rate not less than one and one-half times the regular rate at which he is employed" (i.e. time and a half). 29 U.S.C. § 207(a)(1). Therefore, to survive a motion to dismiss, Plaintiff must allege sufficient factual matter to state a plausible claim that she worked compensable overtime in a workweek longer than 40 hours. *See Lundy*, 711 F.3d 106, 114 (2d Cir. 2013) (dismissing FLSA overtime claims where plaintiffs alleged only that they "regularly worked hours both under and in excess of forty hours per week"); *Nakahata*, 723 F.3d at 199-201 (dismissing FLSA overtime claim where plaintiff alleged that she worked more than forty hours per week during "some or all weeks" of her employment). A "plausible" claim contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise the right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).")

"In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. In this case, Plaintiff's complaint fails to state a plausible claim that the FLSA was violated with respect to overtime compensation because Plaintiff has not alleged a single workweek in which she worked at least 40 hours and also worked uncompensated time in excess of 40 hours. Plaintiff's allegations fail to "provide some factual context that will nudge his claim from conceivable to plausible." *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013) (quoting *Twombly* 550 U.S. at 570).

To be sure, the only time Plaintiff makes an allegation with respect to overtime comes at paragraph 49 of the Complaint, wherein she claims that "[f]rom approximately April 2014 until on or about January 2020, Plaintiff [ ] worked from approximately 3:00 p.m. until on or about

4

11:00 p.m., 3 days a week and from approximately 3:00 p.m. until on or about 11:30 p.m. two days a week (typically 41 hours per week)." (Comp. ¶ 49)[2]  Plaintiff doesn't even mention what days of the week she allegedly worked.  Moreover, putting aside, for the time being, that Plaintiff is purposefully including her meal break time within the amount of hours to be considered as time spent "working," these allegations are insufficient. *See Bustillos v. Academy Bus LLC*, No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980, at * 1-2 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA overtime claim where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"); *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *55 (E.D.N.Y. Sep. 7, 2013) (dismissing FLSA overtime claim where plaintiff alleged that he " worked approximately fifty (50) to sixty (60) hours per week").

As the Second Circuit explained in *Lundy*, plaintiffs' allegations that they "averaged" and "often" worked overtime falls short of the degree of factual specificity required as they "supply nothing but low-octane fuel for speculation, not the plausible claim that is required." *Lundy*, 711 F.3d at 115.  In short, this degree of "invited speculation does not amount to a plausible claim under FLSA." *Lundy*, 711 F.3d at 115.

In *Bustillos v. Academy Bus LLC* plaintiff alleged that he "would regularly work from 60 to 90 hours per week." 2014 U.S. Dist. LEXIS 3980, at * 10-12. In light of the Second Circuit trilogy of *Lundy, Nakahata*, and *Dejesus*, the court concluded that plaintiff failed to adequately plead his claim for failure to pay overtime wages.  As the court explained, the allegations "boil down to a conclusory assertion, without any supporting factual context, that the defendants

---

[2] References to "Comp. ¶__)" refer to the Complaint filed by Yesenia Javier Maria against the Defendants in this Court on May 13, 2020.

violated the FLSA overtime provision because the plaintiff worked some number of excess hours in some unidentified week." *Id.* at \*12.

In *Dejesus v. HF Management Services, LLC*, the plaintiff alleged that in "some or all weeks she worked more than forty hours a week without being paid 1.5 times her rate of compensation." 726 F.3d 85, 89 (internal quotation marks omitted). The Second Circuit nevertheless concluded that the plaintiff failed to state a plausible claim for relief because she did not "allege overtime without compensation in a *given* workweek," as required by *Lundy. Id.* at 90. (Citation and internal quotation marks omitted)(Emphasis added). The court explained that *Lundy's* requirement that plaintiffs allege with specificity a workweek in which they were entitled to but denied overtime payment, "was designed to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible…" *Id. Lundy* requires plaintiffs to draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations under the FLSA. *See id.*

Here, perhaps seeking to distinguish herself from those plaintiffs that used the word "regularly," Plaintiff claims that she "typically" worked 41 hours a week. (Comp. ¶ 49), such wordsmithing is nevertheless unavailing. Plaintiff's allegations are so utterly devoid of content that this claim must be dismissed in its entirety with prejudice.

## III.   PLAINTIFF FAILS TO ADEQUATELY PLEAD THAT DEFENDANTS WERE HER EMPLOYERS

Plaintiff seeks to assert claims of failure to pay minimum wage and overtime wages in violation of the FLSA and NYLL. The FLSA and NYLL minimum and overtime wage provisions apply only to "employees" who are "employed" by "employers." As a prerequisite to bringing an action under those statutes a plaintiff must first allege that she is or was an

"individual employed by an employer." *See* FLSA §§ 206(a), 207(a)(1), 203(e)(1); NYLL § 651. Here, plaintiff has failed to allege even this basic requirement.

For the Plaintiff's claims against Defendants to proceed, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Put another way, the Complaint's "non-conclusory factual content," must allow us to draw the reasonable inference that Defendants were the Plaintiffs' "employer" and are liable for violations of the FLSA and NYLL.

Beyond conclusory statements, however, Plaintiff fails to plead that any of the Defendants were her employers or had any interactions with her. Indeed, it is quite astonishing that a person that alleges to have worked at the Restaurant since 2005 would make allegations that are so completely devoid of specifics with respect to her purported employers' duties and responsibilities.

## A. PLAINTIFF FAILED TO ADEQUATELY PLEAD THAT RAFAELINA BAUTISTA AND GIOVANI BAUTISTA. WERE HER EMPLOYERS

None of Plaintiff's allegations are more conclusory and devoid of specifics than when trying to inculpate defendants Rafaelina Bautista and Giovani Bautista as her employers. To be sure, the complaint only mentions these individuals twice: 1) during the listing of parties and 2) when trying to lump them in with the other defendants.

For example, with respect to defendants Rafaelina Bautista and Giovani Bautista Plaintiff makes the following conclusory allegations:

> is an individual engaging (or who was engaged) in business in this judicial
> district during the relevant time period. Defendant [Bautista] is sued in
> [her/his] individual capacity as a manager of Defendant Corporations.
> Defendant [Batista] possesses operating control over Defendant

7

Corporations and controls significant functions of Defendant Corporations. [She/He] determines the wages and compensation of the employees of Defendants, including Plaintiff Javier Maria (a.k.a. Wanda), establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

Comp. ¶¶ 28 – 29

The only other time they are mentioned in the complaint is when Plaintiff alleges that "Individual Defendants Raul Acosta, Raulito Acosta, Gabriel Doe, **Rafaelina [] Bautista, and Giovanni Bautista** possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations or control significant functions of Defendant Corporations." Comp. ¶ 31., (emphasis added).

Completely missing from these allegations is any non-conclusory allegation to suggest that these individuals 1) did in fact act as managers/employers of the Plaintiff or other employees, 2) that they set her work schedule, 3) that they set her pay, or 4) that they otherwise directed the performance of her work.

The fact that an employee of 15 years cannot provide details with respect to the hours worked, duties performed, or instructions provided of her supervisors is troubling, to say the least.

## B. PLAINTIFF FAILED TO ADEQUATELY PLEAD THAT RAUL ACOSTA, RAULITO ACOSTA, AND GABRIEL DOE WERE HER EMPLOYERS

Plaintiff fails to adequately plead that Raul Acosta, Raulito Acosta, and Gabriel Doe were her employers. Not once does Plaintiff state any instance in which she even interacted with Defendants. Plaintiff only states broad allegations against the Defendants but does not give any specific examples as to when any violations were committed. Plaintiff also does not consider that

Raulito Acosta and Gabriel Doe were not involved in this business until late 2017. Plaintiff instead makes sweepingly broad allegations against all Defendants irrespective of timing or accuracy.

Plaintiff alleges in the complaint that, "At all relevant times, Defendants owned, operated, or controlled a Dominican restaurant, located at 4181 Broadway, New York, NY 10033 under the name "Mambi."" Comp. ¶ 22. Defendants, Raulito Acosta and Gabriel Doe were not involved in the business until late 2017, with the emergence the business entity El Mambi Steakhouse Corp. Completely missing from Plaintiffs allegations is (1) when was she employed by these individuals, (2) which of these individuals was responsible for her pay, and (3) what period of time did these individuals act as her "employer".

Plaintiff does not provide a single example of when Raul Acosta, Raulito Acosta, or Gabriel Doe acted as her employer. Instead, there are only empty conclusory allegations by Plaintiff. As detailed above, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a claim. *Iqbal*, 556 U.S. at 678

### C. EL MAMBI STEAKHOUSE CORP. COULD NOT POSSIBLY HAVE BEEN PLAINTIFF'S EMPLOYER PRIOR TO OCTOBER 19, 2017[3]

Notwithstanding Plaintiff's scattershot allegations which irresponsibly seeks to paint everyone with the same brush, Defendant, El Mambi Steakhouse Corp. could not possibly have been Plaintiff's employer prior to October 19, 2017. To be sure, El Mambi Steakhouse Corp. did not exist until September 12, 2017 and was not the operating restaurant until October 19, 2017. See Exhibits C & D[4]

---

[3] To be clear, Defendants' position is that Raulito and Gabriel were not Plaintiff's employers prior to October 19, 2017, however, the fact that they were alive for many years prior to that date it is not a matter of sheer impossibility.
[4] References to "Exhibits __" refer to the Exhibits attached to the Affidavit of Raul Ryan Acosta submitted in support of the instant motion to dismiss.

Thus, for the reasons stated above, it is a sheer impossibility for this defendant to have been Plaintiff's employer during the entire period alleged. As a result, all claims against El Mambi Steakhouse Corp. that predate October 19, 2017, must be dismissed with prejudice.

## IV.   All FLSA CLAIMS AGAINST RAUL ACOSTA AND EL MAMBI REST CORP. MUST BE DISMISSED WITH PREJUDICE

The FLSA provides a statute of limitations period of two years "after the cause of action accrued" in which to file a complaint for unpaid wages and overtime in federal court. 29 U.S.C. § 255(a). The FLSA statute of limitations period is extended to three years after such causes of action accrue for "a cause of action arising out of a willful violation." *Id.* Given that Plaintiff's Complaint in this action was filed on May 13, 2020, and that there is no evidence that Raul Acosta or El Mambi Rest Corp. were Plaintiff's employers after October 19, 2017, all FLSA claims against them are barred by the statute of limitations.

To prove a willful violation, an employee must establish "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Reckless disregard "involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 937–38 (S.D.N.Y.2013) (internal quotation marks and citation omitted); *Pinovi v. FDD Enters., Inc.*, 13 Civ. 2800, 2015 WL 4126872, at *4 (S.D.N.Y. July 8, 2015) ("Recklessness is defined as, at the least, an extreme departure from the standards of ordinary care, to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." (internal quotation marks and citation omitted)). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." *Parada v. Banco Industrial de Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (internal quotation

marks, citation, and brackets omitted); *see also Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir.2009) (explaining that a showing of "[m]ere negligence is insufficient" to establish willfulness).

Here is quite difficult, if not impossible, to establish that Raul Acosta and El Mambi Rest Corp. violated the FLSA willfully. Indeed, as evidenced by the wage Statement provided at Exhibit B, defendants Raul Acosta and El Mambi Rest Corp. demonstrated a clear intent to comply with the FLSA and the NYLL. So, even if one accepts Plaintiff's version of the facts at face value – that all of the defendants violated the FLSA and the NYLL – certainly this evidence suggests that, at least with respect to these two defendants, they did not do so willfully.

Thus, for the reasons put forth herein all FLSA claims against Raul Acosta and El Mambi Rest Corp. must be dismissed with prejudice.

## V.   TO THE EXTENT PLAINTIFFS IS FOUND TO HAVE ALLEGED ANY CLAIMS AGAINST DEFENDANTS UNDER NYLL, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

As detailed above, Plaintiff has failed to allege any claims against Defendants. Nevertheless, should the Court determine that Plaintiff has stated a claim under NYLL against any Defendant, this Court should decline to exercise supplemental jurisdiction over that claim.

Subject matter jurisdiction in this matter is premised on federal question jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331, with supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. Comp. ¶ 17. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 13 U.S.C. § 1367. The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. *See*

*Lundy*, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." *Id.* at 118.

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because none of the factors listed above counsel in favor of retaining jurisdiction. The litigation is at its earliest stages and the Court and parties have not invested significant resources in litigating or resolving the state law claims. Nor do principles of comity counsel in favor of the Court retaining jurisdiction. Courts in these circumstances have routinely declined to exercise supplemental jurisdiction and dismissed state law claims. *Bustillos v. Academy Bus, LLC*, No. 13-cv-565, at *3 (S.D.N.Y. January 13, 2014)  *See, e.g., Dreher v. Doherty*, No. 12-cv-3385, 2013 U.S. App. LEXIS 17464, at *1 n.1 (2d Cir. Aug. 21, 2013) (unpublished) (noting district court's dismissal); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 218 n.1 (2d Cir. 2002) (same); *Cromwell*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately pleaded); *Yang Li v. Ya Yi Cheng*, No. 10-cv-4664, 2012 U.S. Dist. LEXIS 40241, at *16 (E.D.N.Y. Jan. 9, 2012) (noting that Second Circuit courts routinely decline supplemental jurisdiction in these circumstances).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's FLSA and NYLL claims against all of the defendants in their entirety and grant any and all further relief as may be just and proper.

Dated:  New York, New York
      December 21, 2020

By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
125 Avenue of the Americas, 28th Floor
New York, New York 10105
restituyo@restituyolaw.com

*Counsel for all Defendants*