MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
YESENIA JAVIER MARIA (A.K.A.
WANDA), *individually and on behalf of others
similarly situated,*

*Plaintiff,*

-against-

EL MAMBI REST CORP. (D/B/A MAMBI),
EL MAMBI STEAKHOUSE CORP. (D/B/A
MAMBI), RAUL ACOSTA, RAUL RYAN
ACOSTA A.K.A RAULITO ACOSTA,
GABRIEL CRUZ-CAPOTE, RAFAELINA
(A.K.A. NINA) BAUTISTA, and GIOVANNI
BAUTISTA,

*Defendants.*
-------------------------------------------------------X

**20-CV-3707**

**FIRST AMENDED COMPLAINT**

Plaintiff Yesenia Javier Maria (a.k.a. Wanda) ("Plaintiff Javier Maria (a.k.a. Wanda)" or

"Ms. Javier Maria (a.k.a. Wanda)"), individually and on behalf of others similarly situated, by and

through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and

as against El Mambi Rest Corp. (d/b/a Mambi), El Mambi Steakhouse Corp. (d/b/a Mambi),

("Defendant Corporations"), Raul Acosta, Raul Ryan Acosta a.k.a Raulito Acosta, Gabriel Cruz-

Capote, Rafaelina (a.k.a. Nina) Bautista, and Giovanni Bautista, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Yesenia Javier Maria (a.k.a. Wanda) is a former employee of Defendants El Mambi Rest Corp. (d/b/a Mambi), El Mambi Steakhouse Corp. (d/b/a Mambi), Raul Acosta, Raul Ryan Acosta a.k.a Raulito Acosta, Gabriel Cruz-Capote, Rafaelina (a.k.a. Nina) Bautista, and Giovanni Bautista.

2.       Defendants own, operate, or control a Dominican restaurant, located at 4181 Broadway, New York, NY 10033 under the name "Mambi".

3.      Upon information and belief, individual Defendants Raul Acosta, Raul Ryan Acosta a.k.a Raulito Acosta, Gabriel Cruz-Capote, Rafaelina (a.k.a. Nina) Bautista, and Giovanni Bautista, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Javier Maria (a.k.a. Wanda) was employed as a counter server and a dishwasher at the restaurant located at 4181 Broadway, New York, NY 10033.

5.      Plaintiff Javier Maria (a.k.a. Wanda) was ostensibly employed as a counter server. However,  she was  required to spend a considerable part of her work day performing non-tipped duties, including but not limited to dishwashing, cleaning the grill (steam), sweeping and mopping, cutting lemons, and cutting chicken (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Javier Maria (a.k.a. Wanda) worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Javier Maria (a.k.a. Wanda) appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants employed and accounted for Plaintiff Javier Maria (a.k.a. Wanda) as a counter server in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.      Regardless, at all relevant times, Defendants paid Plaintiff Javier Maria (a.k.a. Wanda) at a rate that was lower than the required tip-credit rate.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Javier Maria's (a.k.a. Wanda's) non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Javier Maria's (a.k.a. Wanda's) actual duties in payroll records by designating her as a counter server instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Javier Maria (a.k.a. Wanda) at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still failed to do).

12.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Javier Maria's (a.k.a. Wanda's) and other tipped employees' tips and made unlawful deductions from Plaintiff Javier Maria's (a.k.a. Wanda's) and other tipped employees' wages.

13.     Defendants' conduct extended beyond Plaintiff Javier Maria (a.k.a. Wanda) to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Javier Maria (a.k.a. Wanda) and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Javier Maria (a.k.a. Wanda) now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Javier Maria (a.k.a. Wanda) seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Javier Maria's (a.k.a. Wanda's) state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Dominican restaurant located in this district. Further, Plaintiff Javier Maria (a.k.a. Wanda) was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Yesenia Javier Maria (a.k.a. Wanda) ("Plaintiff Javier Maria (a.k.a. Wanda)" or "Ms. Javier Maria (a.k.a. Wanda)") is an adult individual residing in New York County, New York.

20.     Plaintiff Javier Maria (a.k.a. Wanda) was employed by Defendants at Mambi from approximately 2005 until on or about January 27,2020.

21.     Plaintiff Javier Maria (a.k.a. Wanda) consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a Dominican restaurant, located at 4181 Broadway, New York, NY 10033 under the name "Mambi".

23.     Upon information and belief, El Mambi Rest Corp. (d/b/a Mambi) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4181 Broadway, New York, NY 10033.

24.     Upon information and belief, El Mambi Steakhouse Corp. (d/b/a Mambi) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4181 Broadway, New York, NY 10033.

25.     Defendant Raul Acosta is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Raul Acosta is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Raul Acosta possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Javier Maria (a.k.a. Wanda), establishes the schedules of the employees, maintains employee records, and has the

authority to hire and fire employees. Specifically, Raul Acosta hired Ms. Javier Maria and, upon information and belief, was the owner of Mambi until on or about October 2017.

26.     Defendant Raul Ryan Acosta a.k.a Raulito Acosta is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Raul Ryan Acosta a.k.a Raulito Acosta is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Raul Ryan Acosta a.k.a Raulito Acosta possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Javier Maria (a.k.a. Wanda), establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees. Specifically, upon information and belief, Raul Ryan Acosta a.k.a Raulito Acosta along with Gabriel Cruz-Capote took over ownership of Mambi in or around October 2017. At all times during Plaintiff's employment, Raul Ryan Acosta a.k.a Raulito Acosta, acted as a manager and had authority over the employment conditions of workers at Mambi, including Plaintiff.

27.     Defendant Gabriel Cruz-Capote is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gabriel Cruz-Capote is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Gabriel Cruz-Capote possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Javier Maria (a.k.a. Wanda), establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees. Specifically, upon information and belief, Gabriel Cruz-Capote along with Raul Ryan Acosta a.k.a Raulito Acosta took over

ownership of Mambi in or around October 2017. At all times during Plaintiff's employment, Gabriel Cruz-Capote acted as a manager. He issued orders to the staff of Mambi, including Plaintiff and was responsible for scheduling hours and controlling when workers, including Plaintiff, were permitted to leave after their shifts.

28.    Defendant Rafaelina (a.k.a. Nina) Bautista is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rafaelina (a.k.a. Nina) Bautista is sued individually in her capacity as a manager of Defendant Corporations. Defendant Rafaelina (a.k.a. Nina) Bautista possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Javier Maria (a.k.a. Wanda), establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees. Specifically, Rafaelina controlled the day to employment conditions of the Plaintiff, issued orders to the staff of Mambi, including Plaintiff, and was jointly responsible for issuing payment to workers along with Giovanni Bautista.

29.    Defendant Giovanni Bautista is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Giovanni Bautista is sued individually in his capacity as a manager of Defendant Corporations. Defendant Giovanni Bautista possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Javier Maria (a.k.a. Wanda), establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees. Specifically, Giovanni Bautista controlled the day to day employment conditions of the Plaintiff,

issued to the staff of Mambi, including Plaintiff, and was jointly responsible for issuing payment to workers along with Rafaelina Bautista.

## SUCCESSOR LIABILITY

30.      Upon information and belief, Defendants Raul Ryan Acosta a.k.a Raulito Acosta, Gabriel Cruz-Capote, purchased Mambi through El Mambi Steakhouse Corp. in or around October 2017.

31.      There has been a substantial continuity in the business operations of Mambi since the sale because Defendants use the same location, work force, and supervisory personnel as was used by the prior owners, the same jobs that existed under prior owners exist under the same working conditions under the present owners, present owners use the same equipment as was used by prior owners, and present owners sell the same products as were sold by the prior owners.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

32.      Defendants operate a Dominican restaurant located in the Washington Heights neighborhood in Upper Manhattan.

33.      Individual Defendants, Raul Acosta, Raul Ryan Acosta a.k.a Raulito Acosta, Gabriel Cruz-Capote, Rafaelina (a.k.a. Nina) Bautista, and Giovanni Bautista, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

34.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.      Each Defendant possessed substantial control over Plaintiff Javier Maria's (a.k.a. Wanda's) (and other similarly situated employees') working conditions, and over the policies and

practices with respect to the employment and compensation of Plaintiff Javier Maria (a.k.a. Wanda), and all similarly situated individuals, referred to herein.

36.    Defendants jointly employed Plaintiff Javier Maria (a.k.a. Wanda) (and all similarly situated employees) and are Plaintiff Javier Maria's (a.k.a. Wanda's) (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.    In the alternative, Defendants constitute a single employer of Plaintiff Javier Maria (a.k.a. Wanda) and/or similarly situated individuals.

38.    Upon information and belief, Individual Defendants Raul Acosta, Raul Ryan Acosta a.k.a Raulito Acosta, and Gabriel Cruz-Capote operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

39.     At all relevant times, Defendants were Plaintiff Javier Maria's (a.k.a. Wanda's) employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Javier Maria (a.k.a. Wanda), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Javier Maria's (a.k.a. Wanda's) services.

40.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

42.     Plaintiff Javier Maria (a.k.a. Wanda) is a former employee of Defendants who ostensibly was employed as a counter server and a dishwasher. However, she spent over 20% of each shift performing the non-tipped duties described above.

43.     Plaintiff Javier Maria (a.k.a. Wanda) seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Yesenia Javier Maria (a.k.a. Wanda)*

44.     Plaintiff Javier Maria (a.k.a. Wanda) was employed by Defendants from approximately 2005 until on or about January 27, 2020.

45.     Defendants employed Plaintiff Javier Maria (a.k.a. Wanda) as a dishwasher and ostensibly as a counter server.

46.     However, Plaintiff Javier Maria (a.k.a. Wanda) was also required to spend a significant portion of her work day performing the non-tipped duties described above.

47.     Although Plaintiff Javier Maria (a.k.a. Wanda) ostensibly was employed as a counter server, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

48.     Plaintiff Javier Maria (a.k.a. Wanda) regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

49.     Plaintiff Javier Maria's (a.k.a. Wanda's) work duties required neither discretion nor independent judgment.

50.     Throughout her employment with Defendants, Plaintiff Javier Maria (a.k.a. Wanda) regularly worked in excess of 40 hours per week.

51.     From approximately April 2014 until on or about January 2020, Plaintiff Javier Maria (a.k.a. Wanda) worked from approximately 3:00 p.m. until on or about 11:00 p.m., 3 days a week and from approximately 3:00 p.m. until on or about 11:30 p.m., 2 days a week (typically 41 hours per week). The specific days in a given week on which Plaintiff worked during this time period might vary, but the number did not.

52.     Throughout her employment, Defendants paid Plaintiff Javier Maria (a.k.a. Wanda) her wages in cash.

53.     From approximately April 2014 until on or about December 2018, Defendants paid Plaintiff Javier Maria (a.k.a. Wanda) a fixed salary of $340 per week.

54.     From approximately January 2019 until on or about January 2020, Defendants paid Plaintiff Javier Maria (a.k.a. Wanda) a fixed salary of $400 per week.

55.     On her last work day, Defendants did not pay Plaintiff Javier Maria (a.k.a. Wanda) any wages for her work.

56.     Plaintiff Javier Maria's (a.k.a. Wanda's) pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

57.     For example, Defendants required Plaintiff Javier Maria (a.k.a. Wanda) to work an additional 30 minutes past her scheduled departure time two days a week, and did not pay her for the additional time she worked.

58.     Defendants never granted Plaintiff Javier Maria (a.k.a. Wanda) any breaks or meal periods of any kind.

59.     Plaintiff Javier Maria (a.k.a. Wanda) was never notified by Defendants that her tips were being included as an offset for wages.

60.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Javier Maria's (a.k.a. Wanda's) wages.

61.     Defendants withheld a portion of Plaintiff Javier Maria's (a.k.a. Wanda's) tips; specifically, Defendants required Javier Maria's (a.k.a. Wanda) to share her tips with the managers of the business.

62.     From approximately November 2019 until on or about January 2020, Plaintiff Javier Maria (a.k.a. Wanda) was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

63.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Javier Maria (a.k.a. Wanda) regarding overtime and wages under the FLSA and NYLL.

64.     Defendants did not provide Plaintiff Javier Maria (a.k.a. Wanda) an accurate statement of wages, as required by NYLL 195(3).

65.     Defendants did not give any notice to Plaintiff Javier Maria (a.k.a. Wanda), in English and in Spanish (Plaintiff Javier Maria's (a.k.a. Wanda's) primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

66.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Javier Maria (a.k.a. Wanda) (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

67.     Plaintiff Javier Maria (a.k.a. Wanda) was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

68.     Defendants' pay practices resulted in Plaintiff Javier Maria (a.k.a. Wanda) not receiving payment for all her hours worked, and resulted in Plaintiff Javier Maria's (a.k.a. Wanda's) effective rate of pay falling below the required minimum wage rate.

69.     Defendants habitually required Plaintiff Javier Maria (a.k.a. Wanda) to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

70.     Defendants required Plaintiff Javier Maria (a.k.a. Wanda) and all other counter servers to perform general non-tipped tasks in addition to their primary duties as counter servers.

71.     Plaintiff Javier Maria (a.k.a. Wanda) and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.     Plaintiff Javier Maria's (a.k.a. Wanda's) duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

73.     Plaintiff Javier Maria (a.k.a. Wanda) and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

74.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Javier Maria's (a.k.a. Wanda's) non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.     In violation of federal and state law as codified above, Defendants classified Plaintiff Javier Maria (a.k.a. Wanda) and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

77.     Defendants failed to inform Plaintiff Javier Maria (a.k.a. Wanda) who received tips that Defendants intended to take a deduction against Plaintiff Javier Maria's (a.k.a. Wanda's) earned wages for tip income, as required by the NYLL before any deduction may be taken.

78.     Defendants failed to inform Plaintiff Javier Maria (a.k.a. Wanda) who received tips, that her tips were being credited towards the payment of the minimum wage.

79.     Defendants failed to maintain a record of tips earned by Plaintiff Javier Maria (a.k.a. Wanda) who worked as a counter server for the tips she received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

80.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Javier Maria (a.k.a. Wanda), who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Javier Maria (a.k.a. Wanda) of a portion of the tips earned during the course of employment.

81.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Javier Maria (a.k.a. Wanda), and other tipped employees, in violation of New York Labor Law § 196-d (2007).

82.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either, allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

83.     Defendants paid Plaintiff Javier Maria (a.k.a. Wanda) her wages in cash.

84.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

85.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Javier Maria (a.k.a. Wanda) (and similarly situated

individuals) worked, and to avoid paying Plaintiff Javier Maria (a.k.a. Wanda) properly for her full hours worked.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Javier Maria (a.k.a. Wanda) and other similarly situated former workers.

88.     Defendants failed to provide Plaintiff  Javier Maria (a.k.a. Wanda) and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89.     Defendants failed to provide Plaintiff Javier Maria (a.k.a. Wanda) and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.     Plaintiff Javier Maria (a.k.a. Wanda) brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

91.     At all relevant times, Plaintiff Javier Maria (a.k.a. Wanda) and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

92.     The claims of Plaintiff Javier Maria (a.k.a. Wanda) stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

93.     Plaintiff Javier Maria (a.k.a. Wanda) repeats and realleges all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants were Plaintiff Javier Maria's (a.k.a. Wanda's) employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Javier Maria (a.k.a. Wanda) (and the FLSA Class

Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

95.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

96.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.     Defendants failed to pay Plaintiff Javier Maria (a.k.a. Wanda) (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.     Defendants' failure to pay Plaintiff Javier Maria (a.k.a. Wanda) (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Javier Maria (a.k.a. Wanda) (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100.     Plaintiff Javier Maria (a.k.a. Wanda) repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Javier Maria (a.k.a. Wanda) (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.     Defendants' failure to pay Plaintiff Javier Maria (a.k.a. Wanda) (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.     Plaintiff Javier Maria (a.k.a. Wanda) (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

104.     Plaintiff Javier Maria (a.k.a. Wanda) repeats and realleges all paragraphs above as though fully set forth herein.

105.     At all times relevant to this action, Defendants were Plaintiff Javier Maria's (a.k.a. Wanda's) employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Javier Maria (a.k.a. Wanda), controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

106.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Javier Maria (a.k.a. Wanda) less than the minimum wage.

107.     Defendants' failure to pay Plaintiff Javier Maria (a.k.a. Wanda) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.     Plaintiff Javier Maria (a.k.a. Wanda) was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

109.     Plaintiff Javier Maria (a.k.a. Wanda) repeats and realleges all paragraphs above as though fully set forth herein.

110.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Javier Maria (a.k.a. Wanda) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.     Defendants' failure to pay Plaintiff Javier Maria (a.k.a. Wanda) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.     Plaintiff Javier Maria (a.k.a. Wanda) was damaged in an amount to be determined at trial.

<u>**FIFTH CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

113.      Plaintiff Javier Maria (a.k.a. Wanda) repeats and realleges all paragraphs above as though fully set forth herein.

114.     Defendants failed to provide Plaintiff Javier Maria (a.k.a. Wanda) with a written notice, in English and in Spanish (Plaintiff Javier Maria's (a.k.a. Wanda's)  primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

115.     Defendants are liable to Plaintiff Javier Maria (a.k.a. Wanda) in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

116.    Plaintiff Javier Maria (a.k.a. Wanda) repeats and realleges all paragraphs above as though fully set forth herein.

117.    With each payment of wages, Defendants failed to provide Plaintiff Javier Maria (a.k.a. Wanda) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118.    Defendants are liable to Plaintiff Javier Maria (a.k.a. Wanda) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

119.    Plaintiff Javier Maria (a.k.a. Wanda) repeats and realleges all paragraphs above as though fully set forth herein.

120.    At all relevant times, Defendants were Plaintiff Javier Maria's (a.k.a. Wanda's) employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

121.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

122.    Defendants unlawfully misappropriated a portion of Plaintiff Javier Maria's (a.k.a. Wanda's) tips that were received from customers.

123.    Defendants knowingly and intentionally retained a portion of Plaintiff Javier Maria's (a.k.a. Wanda's) tips in violations of the NYLL and supporting Department of Labor Regulations.

124.    Plaintiff Javier Maria (a.k.a. Wanda) was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Javier Maria (a.k.a. Wanda) respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Javier Maria (a.k.a. Wanda) and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Javier Maria (a.k.a. Wanda) and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Javier Maria's (a.k.a.

Wanda's) and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Javier Maria (a.k.a. Wanda) and the FLSA Class members;

(f)      Awarding Plaintiff Javier Maria (a.k.a. Wanda) and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Javier Maria (a.k.a. Wanda) and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Javier Maria (a.k.a. Wanda);

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Javier Maria (a.k.a. Wanda);

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Javier Maria's (a.k.a. Wanda's) compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Javier Maria (a.k.a. Wanda);

(l)      Awarding Plaintiff Javier Maria (a.k.a. Wanda) damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Javier Maria (a.k.a. Wanda) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Javier Maria (a.k.a. Wanda) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Javier Maria (a.k.a. Wanda) and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Javier Maria (a.k.a. Wanda) and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Javier Maria (a.k.a. Wanda) demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

January 12, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:         /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

*Attorneys for Plaintiff*