IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESENIA JAVIER MARIA (A.K.A WANDA),
*individually and on behalf of others similarly situated,*

       Plaintiffs,

EL MAMBI REST CORP. (D/B/A MAMBI), EL MAMBI STEAKHOUSE CORP. (D/B/A MAMBI), RAUL ACOSTA, RAUL RYAN ACOSTA A.K.A RAULITO ACOSTA, GABRIEL CRUZ-CAPOTE, RAFAELINA (A.K.A NINA) BAUTISTA, and GIOVANNI BAUTISTA

       Defendants.

CA NO. 1:20-cv-03707 (JPO)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendants El Mambi Rest Corp., El Mambi Steakhouse Corp., Raul Acosta, Raulito Acosta, Gabriel Doe, Rafaelina Bautista, and Giovanni Bautista respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' Fist Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### PRELIMINARY STATEMENT

Plaintiff, Yesenia Javier Maria a.k.a Wanda (herein after "Plaintiff") commenced this action via the filing of a complaint on May 13, 2020, (the "Original Complaint"). Thereafter, on December 21, 2020, the defendants moved to dismiss the Original Complaint arguing, among other things, that Plaintiff failed to adequately plead unpaid overtime claims and that all of the defendants were her employers during the entire period of her employment.

On January 12, 2021, Plaintiff filed it First Amended Complaint (the "Amended Complaint"). The Amended Complaint, which added at total of 11 sentences to a 24-page document, remains utterly deficient with respect to the issues outlined in the defendants' first motion to dismiss.

To be sure, Plaintiff still fails to adequately plead her overtime claims. Indeed, in response to the claim that her allegations of unpaid overtime were vague because they did not provide any specificity, as required by law, Plaintiff merely adds a sentence suggesting that "[t]he specific days in a given week on which Plaintiff worked during this time period might vary, but the number [of hours] did not." (AC at 51.) Clearly this does not provide sufficient clarity so as to allege claims to relief above the "speculative level."

Yet another brazen example of Plaintiff making no effort to address the issues raised by the motion to dismiss relates to Plaintiff's claims against Raul Acosta and El Mambi Steakhouse, Corp. Indeed, while Plaintiff acknowledges that Raul Acosta was only involved with the restaurant until October 2017, the Amended Complaint still maintains all counts against him throughout the entire period. Equally disturbing is that even after being provided proof that El Mambi Steakhouse Corp. did not exist prior to September 12, 2017, Plaintiff continues to maintain all claims against it for the entire period.

Thus, for the reasons outlined below defendants maintain that Plaintiff's Amended Complaint, just like her Original Complaint, must be dismissed.

## STATEMENT OF FACTS

El Mambi Rest Corp. (hereinafter "Rest Corp.") was formed on June 30, 2006, and thereafter commenced operating the restaurant located at 4181 Broadway, New York, New York 10033 (the "Restaurant"). Aff at ¶2.[1] Rest Corp operated the Restaurant until October 19, 2017, and Raul Acosta (hereinafter "Acosta Sr.") was the sole owner operator of the Restaurant during that time. Aff at ¶3.

---

[1] All references to "Aff at ¶ __" refer to the Affidavit of Raul Ryan Acosta submitted herewith in support of Defendants' Motion to Dismiss the Amended Complaint.

2

El Mambi Steakhouse Corp. (hereinafter "Steakhouse") was incorporated on September 12, 2017, and purchased the Restaurant from Rest Corp. on October 19, 2017. Aff at ¶6-7. Raul Ryan Acosta (hereinafter "Acosta Jr.") and Gabriel Cruz-Capote (herein after "Cruz-Capote") are the owner operators of Steakhouse. Aff at ¶8. There are no other owners or managers of the Restaurant. See *Id.*

Plaintiff was a waitress at the Restaurant. Aff at ¶9. She worked the counter and the floor serving customers. Aff at ¶9. Since waiters at the counter and on the floor rotate and receive tips at both places all of their tips are accumulated in a tip pool that is divided between themselves at the end of the shift. Aff at ¶10. On or about the last week of January 2020, Plaintiff was caught stealing tips and she was fired. See *id.*

During her employment for Steakhouse, Plaintiff punched a clock and was paid in accordance with the labor laws. Aff at ¶12. Plaintiff also took her appropriate lunch break and received wage notices in accordance with the labor laws. Aff at ¶13.

## ARGUMENT

### I. PLEADING STANDARD

To survive a motion to dismiss under Rule 12(b)(6) plaintiffs must plead enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although factual allegations are assumed to be true, they must still be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plausibility standard requires more than a showing of "sheer possibility that the defendant has acted unlawfully" and requires a plaintiff to make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). To meet this

standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Pleadings that contain "no more than conclusions…are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. *Id.* at 679.

In the Amended Complaint Plaintiff again fails to plead enough non-conclusory facts sufficient to establish a claim for relief against the defendants.

## II. PLAINTIFFS FAILS TO ADEQUATELY PLEAD UNPAID OVERTIME CLAIMS

### A. Plaintiffs' Threadbare, Boilerplate, and Conclusive Allegations Fail to Adequately Plead an Unpaid Overtime Claim Under the FLSA

Section 207(a) of the FLSA requires that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed" (i.e. time and a half). 29 U.S.C. § 207(a)(1). Therefore, to survive a motion to dismiss, Plaintiff must allege sufficient factual matter to state a plausible claim that she worked compensable overtime in a workweek longer than 40 hours. *See Lundy*, 711 F.3d 106, 114 (2d Cir. 2013) (dismissing FLSA overtime claims where plaintiffs alleged only that they "regularly worked hours both under and in excess of forty hours per week"); *Nakahata*, 723 F.3d at 199-201 (dismissing FLSA overtime claim where plaintiff alleged that she worked more than forty hours per week during "some or all weeks" of her employment).

"In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. In this case, Plaintiff's Amended Complaint still fails to state a

4

plausible claim that the FLSA was violated with respect to overtime compensation because Plaintiff has not alleged a single workweek in which she worked at least 40 hours and also worked uncompensated time in excess of 40 hours. Plaintiff's allegations fail to "provide some factual context that will nudge his claim from conceivable to plausible." *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013) (quoting *Twombly* 550 U.S. at 570).

To be clear, the only time Plaintiff makes an allegation with respect to overtime comes at paragraph 51 of the Amended Complaint, wherein she claims that "[f]rom approximately April 2014 until on or about January 2020, Plaintiff [ ] worked from approximately 3:00 p.m. until on or about 11:00 p.m., 3 days a week and from approximately 3:00 p.m. until on or about 11:30 p.m. two days a week (typically 41 hours per week). The specific days in a given week on which Plaintiff worked during this time period might vary, but the number did not" (AC. ¶ 51)[2] Plaintiff doesn't even mention what days of the week she allegedly worked. Plaintiff makes it seem as if the schedules were made the day of and that defendants randomly selected two days a week where she would have to stay an extra thirty minutes.  Moreover, putting aside, for the time being, that Plaintiff is purposefully including her meal break time within the amount of hours to be considered as time spent "working," these allegations are clearly insufficient. *See Bustillos v. Academy Bus LLC*, No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980, at * 1-2 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA overtime claim where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"); *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *55 (E.D.N.Y. Sep. 7, 2013) (dismissing FLSA overtime claim where plaintiff alleged that he "worked approximately fifty (50) to sixty (60) hours per week").

---

[2] References to "AC. ¶__" refer to the First Amended Complaint filed by Yesenia Javier Maria on January 12, 2021.

Plaintiffs allegations in Paragraph 51 of the Amended Complaint are ludicrous. Plaintiff alleges that she does not know the specific days in which she worked from 3pm to 11:30pm but can confirm that it occurred twice a week every week. Even random chance would prove these allegations to be inaccurate. Moreover, Plaintiff does not allege that her schedule or the Restaurant's schedule changed on these particular days, but merely that for sure at least 2 days a week and for no apparent reason and with no discernable pattern, she would simply work an extra half an hour.

In *Bustillos v. Academy Bus LLC* plaintiff alleged that she "would regularly work from 60 to 90 hours per week." 2014 U.S. Dist. LEXIS 3980, at * 10-12. In light of the Second Circuit trilogy of *Lundy*, *Nakahata*, and *Dejesus*, the court concluded that plaintiff failed to adequately plead his claim for failure to pay overtime wages. As the court explained, the allegations "boil down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because the plaintiff worked some number of excess hours in some unidentified week." *Id.* at *12.

In *Dejesus v. HF Management Services, LLC*, the plaintiff alleged that in "some or all weeks she worked more than forty hours a week without being paid 1.5 times her rate of compensation." 726 F.3d 85, 89 (internal quotation marks omitted). The Second Circuit nevertheless concluded that the plaintiff failed to state a plausible claim for relief because she did not "allege overtime without compensation in a *given* workweek," as required by *Lundy*. *Id.* at 90. (Citation and internal quotation marks omitted)(Emphasis added). The court explained that *Lundy's* requirement that plaintiffs allege with specificity a workweek in which they were entitled to but denied overtime payment, "was designed to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible…" *Id. Lundy* requires plaintiffs

6

to draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations under the FLSA. *See id.*

Here, perhaps seeking to distinguish herself from those plaintiffs that used the word "regularly," Plaintiff claims that she "typically" worked 41 hours a week. (AC. ¶ 49). Plaintiff cannot claim one specific week in which she worked over 40 hours, merely that every single week she "typically" worked 41 hours. Even after amending the complaint, Plaintiff could not add more specific information with regard to the weeks, days, and times she worked. Plaintiff's allegations were inadequate in the Original Complaint and they remain inadequate in the Amended Complaint; they are so utterly devoid of factual context that this claim must be dismissed in its entirety with prejudice.

The fact is that Plaintiff cannot now or in the future plead these facts with any greater specificity because you cannot accurately plead things that did not happen. Thus, in addition to dismissing the Amended Complaint, Plaintiff's entire action should be dismissed and she should be barred from asking the Court for permission to file yet another amended complaint.

### III. PLAINTIFF FAILS TO ADEQUATELY PLEAD THAT DEFENDANTS WERE HER EMPLOYERS

Even assuming Plaintiff could plead correct claims, which she cannot, Plaintiff doesn't even allege violations by the correct parties. Plaintiff fails to plead that any of the defendants were her employers in both the Original Complaint and Amended Complaint.

Plaintiff seeks to assert claims of failure to pay minimum wage and overtime wages in violation of the FLSA and NYLL. The FLSA and NYLL minimum and overtime wage provisions apply only to "employees" who are "employed" by "employers." As a prerequisite to

bringing an action under those statutes a plaintiff must first allege that she is or was an "individual employed by an employer." *See* FLSA §§ 206(a), 207(a)(1), 203(e)(1); NYLL § 651.

For the Plaintiff's claims against Defendants to proceed, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### A. PLAINTIFF FAILED TO ADEQUATELY PLEAD THAT ACOSTA, SR. WAS HER EMPLOYER AFTER OCTOBER 19, 2017

In the Amended Complaint Plaintiff recognizes that Mr. Acosta Sr. was only "the owner of [the Restaurant] until on or about October 2017." AC at 25. Nevertheless, she still seeks to implicate him for all of her alleged troubles past that date. In a bout of cognitive dissonance Plaintiff goes on to indicate that Acosta Sr. to this day "establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees". (AC at ¶ 25).

It is simply not possible for Acosta Sr. to have been Plaintiff's employer past the time she acknowledges that he left. As a result, all claims against Acosta Sr. from October 2017 through the present must be dismissed. As a practical matter that means all FLSA claims against Acosta Sr. must be dismissed.

### B. PLAINTIFF FAILED TO ADEQUATELY PLEAD THAT REST CORP. WAS HER EMPLOYER AFTER OCTOBER 2017

Plaintiff fails to plead that Rest Corp. was her employer after October 2017. To be sure, at Paragraph 30 of the Amended Complaint, Plaintiff recognizes that "Raulito Acosta [and] Grabriel Cruz-Capote, purchased [the Restaurant] through El Mambi Steakhouse Corp. in or around October 2017." AC at ¶ 30. While Plaintiff uses that statement to suggest that Acosta, Jr. and

Cruz-Capote are thus subject to successor liability, it nevertheless reinforces the point that Rest Corp. was not involved with the Restaurant after that date.

It is simply not possible for Rest Corp. to have been Plaintiff's employer past the time she acknowledges that it was no longer involved. Since Rest Corp. was not involved with the Restaurant after October 2017, all wage and hour claims against it after that date must be dismissed. Thus, as a practical matter that means all FLSA claims against Rest Corp. must be dismissed.

### C. STEAKHOUSE NOT POSSIBLY HAVE BEEN PLAINTIFF'S EMPLOYER PRIOR TO OCTOBER 19, 2017[3]

Notwithstanding Plaintiff's scattershot allegations which irresponsibly seeks to paint everyone with the same brush, defendant, Steakhouse could not possibly have been Plaintiff's employer prior to October 19, 2017. To be sure, Steakhouse did not exist until September 12, 2017 and was not the operating Restaurant until October 19, 2017. Aff at ¶ 6-7.

Thus, for the reasons stated above, it is a sheer impossibility for this defendant to have been Plaintiff's employer during the entire period alleged. As a result, all claims against Steakhouse that predate October 19, 2017, must be dismissed with prejudice.

### D. PLAINTIFF FAILED TO ADEQUATELY PLEAD THAT RAFAELINA BAUTISTA AND GIOVANI BAUTISTA WERE HER EMPLOYERS

None of Plaintiff's allegations are more conclusory and devoid of specifics than when trying to inculpate defendants Rafaelina Bautista and Giovani Bautista as her employers. To be clear, the Original Complaint and Amended Complaint only mention these individuals twice: 1) during the listing of parties and 2) when trying to lump them in with the other defendants.

---

[3] To be clear, Defendants' position is that Acosta, Jr. and Cruz-Capote were not Plaintiff's employers prior to October 19, 2017, however, the fact that they were alive for many years prior to that date means that it is not a matter of sheer impossibility and thus, barring a dismissal of the wage and hour claims, which we argue should happen, we are not seeking to challenge their employer status at this time.

Completely missing from Plaintiff's allegations in both complaints is any non-conclusory allegation to suggest that these individuals 1) did in fact act as managers/employers of the Plaintiff or other employees, 2) that they set her work schedule, 3) that they set her pay, or 4) that they otherwise directed the performance of her work. There is not a single non-conclusory statement made about these individuals to suggest that they are Plaintiff's employer.

Indeed, in the Amended Complaint, the closest that Plaintiff gets to imbuing these individuals with employer status is her amended allegation that they were "jointly responsible for issuing payments to workers . . . " (AC ¶28). In other words, Plaintiff would have these people be considered employers merely because they handed her the check. Unfortunately for Plaintiff, that is not the standard for employer.

All claims against Rafaelina Bautista and Giovani Bautista must be dismissed.

## IV. All FLSA CLAIMS AGAINST RAUL ACOSTA AND EL MAMBI REST CORP. MUST BE DISMISSED WITH PREJUDICE

The FLSA provides a statute of limitations period of two years "after the cause of action accrued" in which to file a complaint for unpaid wages and overtime in federal court. 29 U.S.C. § 255(a). The FLSA statute of limitations period is extended to three years after such causes of action accrue for "a cause of action arising out of a willful violation." *Id.* Given that Plaintiff's Original Complaint was filed on May 13, 2020, and that there is no allegation that Acosta, Sr. or Rest Corp. were Plaintiff's employers after October 2017, all FLSA claims against them are barred by the statute of limitations.

To prove a willful violation, an employee must establish "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Reckless disregard "involves actual knowledge of a legal requirement, and deliberate disregard

of the risk that one is in violation." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 937–38 (S.D.N.Y.2013) (internal quotation marks and citation omitted); *Pinovi v. FDD Enters., Inc.*, 13 Civ. 2800, 2015 WL 4126872, at *4 (S.D.N.Y. July 8, 2015) ("Recklessness is defined as, at the least, an extreme departure from the standards of ordinary care, to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." (internal quotation marks and citation omitted)). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." *Parada v. Banco Industrial de Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (internal quotation marks, citation, and brackets omitted); *see also Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir.2009) (explaining that a showing of "[m]ere negligence is insufficient" to establish willfulness).

Here is quite difficult, if not impossible, to establish that Acosta, Sr. and Rest Corp. violated the FLSA willfully. Indeed, as evidenced by the wage notice provided, defendants Acosta, Sr. and Rest Corp. demonstrated a clear intent to comply with the FLSA and the NYLL. Aff at ¶5. So, even if one accepts Plaintiff's version of the facts at face value – that all of the defendants violated the FLSA and the NYLL – certainly this evidence suggests that, at least with respect to these two defendants, they did not do so willfully.

In the Amended Complaint, Plaintiff does not add any further factual context to support the allegations that these defendants were her employers beyond the limitations period. Thus, for the reasons put forth herein all FLSA claims against Acosta, Sr. and Rest Corp. must be dismissed with prejudice.

11

## V. TO THE EXTENT PLAINTIFF IS FOUND TO HAVE ALLEGED ANY CLAIMS AGAINST DEFENDANTS UNDER NYLL, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

As detailed above, Plaintiff again failed to allege any claims against defendants in her Amended Complaint. Nevertheless, should the Court determine that Plaintiff has stated a claim under NYLL against any defendant, this Court should decline to exercise supplemental jurisdiction over that claim.

Subject matter jurisdiction in this matter is premised on federal question jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331, with supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. AC. ¶ 17. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 13 U.S.C. § 1367. The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. *See Lundy*, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." *Id.* at 118.

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because none of the factors listed above counsel in favor of retaining jurisdiction. The litigation is at its earliest stages and the Court and parties have not invested significant resources in litigating or resolving the state law claims. Nor do principles of comity counsel in favor of the Court retaining jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's FLSA and NYLL claims against all of the defendants, as plead in the Amended Complaint in their entirety and grant any and all further relief as may be just and proper.

Dated: New York, New York
February 19, 2020

By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
125 Avenue of the Americas, 28th Floor
New York, New York 10105
restituyo@restituyolaw.com

*Counsel for all Defendants*