UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YESENIA JAVIER MARIA (A.K.A. WANDA),
*individually and on behalf of others similarly situated,*

                              *Plaintiff,*                      **Case No. 20-CV-3707**

                              -against-

EL MAMBI RES CORP. (D/B/A MAMBI), EL
MAMBI STEAKHOUSE CORP. (D/B/A MAMBI),
RAUL ACOSTA, RAUL RYAN ACOSTA AK.A
RAULITO ACOSTA, GABRIEL CRUZ-CAPOTE,
RAFAELINA (A.K.A NINA BAUTISTA) and
GIOVANNI BAUTISTA,

                             *Defendants*.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

        Plaintiff Yesenia Javier Maria (a.k.a Wanda), individually and on behalf of others similarly situated ("Plaintiff"), by her attorneys Michael Faillace & Associates, P.C., respectfully submits this Memorandum of Law in opposition to defendants El Mambi Rest Corp. (d/b/a Mambi), El Mambi Steakhouse Corp. (d/b/a Mambi), Raul Acosta, Raulito Acosta, Gabriel Doe, Rafaelina (a.k.a. Nina) Bautista, and Giovanni Bautista (collectively, the "Defendants") Motion to Dismiss Plaintiff's Amended Complaint  pursuant to Fed. R. Civ. P. 12(b) (the "Motion").

## **PRELIMINARY STATEMENT**

        In this action, Plaintiff has brought claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and New York Labor Law ("NYLL"), alleging violations of statutory minimum wage, overtime, notice and recordkeeping requirements, and wage statement provisions.  Defendants incorrectly submit that these claims must be dismissed under Fed. R.

1

Civ. P. 12(b)(6) because Plaintiff has approximated her time worked over the six-year period during which she worked for Defendants. Defendants further posit that Plaintiff has insufficiently alleged that Defendants were her employers. Finally, Defendants submit that the Court should apply the shorter, two-year statute of limitations to Plaintiff's FLSA claims rather than extend the three-year statute of limitations applicable when violations arise out of a willful violation under 29. U.S.C.  255(a), in order to dismiss these claims without prejudice, and then decline supplemental jurisdiction over Plaintiff's NYLL claims.

Accordingly, Plaintiff respectfully submits this memorandum of law in opposition to the Motion and requests that this Court deny the Motion.

## STATEMENT OF FACTS

The following facts are taken from the factual allegations set forth in the Complaint, which are treated as true on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants operate a Dominican restaurant located in the Washington Heights section of Manhattan, New York. (Am. Compl. ¶ 2).  The individual defendants possess operational control over Corporate Defendants. (Am. Compl. ¶¶ 25-29).  Plaintiff was employed by Defendants as a counter worker from approximately 2005 until on or about January 27, 2020. (Am. Compl ¶ 42).

Throughout her employment with Defendants, Plaintiff worked in excess of forty hours per week without paying her the appropriate minimum wage or overtime pay as required by federal and state laws. (Am. Compl. ¶¶ 51, 53-54).  Specifically, from approximately April 2014 until January 27, 2020, Plaintiff worked from approximately 3:00 p.m. until approximately 11:00 p.m. three days per week, and from approximately 3:00 p.m. until approximately 11:30 p.m., two days per week. (*Id.* ¶ 51). At all times during her employment with Defendants, Plaintiff was

paid a fixed weekly salary of $340 to $400 per week in cash that did not vary even when she was required to work a longer day than her usual schedule. (*Id.* ¶¶ 53-54, 56-57).

## **ARGUMENT**

I.   PLAINTIFF'S COMPLAINT CONTAINS WELL-PLED FACTUAL ALLEGATIONS THAT ALLOW REASONABLE INFERENCES THAT DEFENDANTS HAVE ACTED UNLAWFULLY

### a.   Standard of Review

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the court is "constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2005). Indeed, "[t]he standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff." *Nicholas v. Mahoney*, 608 F. Supp. 2d 526, 529 (S.D.N.Y. 2009).

To survive a motion to dismiss, the complaint "does not need detailed factual allegations . . . " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but merely "enough facts to state a claim to relief that is plausible on its face . . ." *id.* at 570. "Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).

### b.   Plaintiff has Sufficiently Pled her Overtime Allegations

Plaintiff's overtime allegations meet Fed. R. Civ. P. 12(b)(6)'s plausibility standard because they contain sufficient facts from which this Court can infer that Defendants unlawfully denied Plaintiff overtime. Indeed, in the context of FLSA overtime claims, Courts have determined that the 12(b)(6) plausibility standard is satisfied where, "'a plaintiff [] sufficiently

allege[s] 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours,'" *Cruz v. Answer Group, Inc.*, 2014 U.S. Dist. LEXIS 52117, *7 (S.D.N.Y. April 7, 2014) (*quoting Lundy*, 711 F.3d at 114), and a plaintiff need only provide a *single* workweek in which he or she worked overtime without appropriate overtime compensation. *See Lundy*, 711 F.3d at 114; *Bonn-Wittingham v. Project O.H.R.*, 2016 U.S. Dist. LEXIS 172767, *19 (E.D.N.Y. Dec. 12, 2016).

In applying this standard, Courts have frequently denied motions to dismiss FLSA overtime claims. *See Mercado Mendoza v. Little Luke, Inc.*, 2015 U.S. Dist. LEXIS 2777, *11 (E.D.N.Y. March 6, 2015) (denying motion to dismiss FLSA overtime claim where the complaint, "approximates each [p]laintiff's weekly hours at various points of his employment with specific start and end times for each day of work"); *See also Louie v. Bed Bath & Beyond, Inc.*, 2016 U.S. Dist. LEXIS 81901, *5 (E.D.N.Y. June 23, 2016) (denying motion to dismiss FLSA overtime claim where the complaint "details the shift hours and typical hours worked in a given week, which total over forty, during the course of specified periods of times") *Cruz*, 2014 U.S. Dist. LEXIS 52117 at *10 (denying motion to dismiss where the amended complaint provided "'a description of the duties of Plaintiff, the hire and fire dates, the compensations paid, the wages received, and increases in pay, how the violations occurred, and even an approximation of the hours worked weekly over forty.'")

In support of their allegation that Plaintiff did not adequately plead her overtime claims, Defendants rely on a series of cases that are either inapplicable or easily distinguishable. For example, Defendants' reliance on *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013) is misplaced as the *DeJesus* plaintiff in that case did not "estimate her hours in any or all weeks or provide any other factual context or content." *Id* at 89. Instead, the plaintiff "alleged only that in

'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id* at 87. The Court dismissed the plaintiffs' claims in *Lundy* because they did not allege a single week in which they worked over 40 hours and were not compensated. *Lundy,* 711 F3d at 114. *Bustillos v. Acad. Bus LLC,* 2014 U.S. Dist. LEXIS (S.D.N.Y. 2014) featured allegations in support of an overtime claim limited to "Plaintiffs' weekly schedule varied from week to week and during his tenure with Defendants, Plaintiff would regularly work from 60 to 90 hours per week." *Id* at *5. The claims in *Spiteri v. Russo,* 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. 2013) are similarly vague, only stating that the *Spiteri* worked approximately fifty to sixty hours per week and estimated his aggregate hours on a per case basis, rather than a per week basis. *Id* at *211.

Here, Plaintiff provides sufficient details regarding her overtime allegations in multiple specific weeks. For each week that Plaintiff worked for Defendants between 2014 and January of 2020, Plaintiff provides: (1) the start and end times of her shifts and number of days per week she worked each shift; (2) the total number of hours per week that Plaintiff worked during specified periods of time; and (3) the compensation Defendants paid Plaintiff for each of the weeks that she worked for them. Am. Compl. ¶¶ 51, 53-54.

In the Motion, Defendants appear argue that Plaintiff is required to keep track of and recall with precision her exact dates, times, hours she worked for Defendants. It is quite clear, however, that the law places this burden firmly on Defendants, the employers, and not on Plaintiff, the employee. *See* 29 U.S.C. § 211(c) (requiring that "[e]very employer . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours and other conditions and practices of employment maintained by him"); NYLL § 195(4) (requiring every employer to "establish, maintain and preserve . . . true, and accurate payroll records

showing for each week worked the hours worked; the rate or rate of pay and basis thereof. . .").
Further, the Affidavit of Raul Ryan Acosta, attached to the Defendants' Memorandum of Law in
support of their Motion to Dismiss sets forth what he alleges to have been Plaintiff's schedule
without identifying the days of the week she worked. *See* Acosta Affidavit ¶ 14, Dkt. No. 34-1. If
the Defendants, with the benefit of the records they are legally required to keep, cannot set forth
with particularity the specific days of the week when Plaintiff worked, it is simply absurd to
suggest that Plaintiff must do so.

## II. PLAINTIFF HAS ADEQUATELY PLEAD THE DEFENDANTS WERE HER EMPLOYERS

The definition of "employer" under the FLSA is notoriously broad. "The FLSA defines
an "employee" as "any individual employed by an employer"; it defines "employ" as "to suffer or
permit to work." 29 U.S.C. §§ 203(e)(1)203(g). "The definition is necessarily a broad one in
accordance with the remedial purpose of the Act." *Brock v. Superior Care*, 840 F.2d 1054, 1058
(2d. Cir. 1988). The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition
of employer. *Falk v. Brennan,* 414 U.S. 190, 195 (1973)). "[T]he remedial nature of the statute…
warrants an expansive interpretation of its provisions so that they will have the widest possible
impact in the national economy.  *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 141
(2d. Cir. 2008).  Courts in this Circuit have further "treated employment for FLSA purposes as a
flexible concept to be determined on a case-by-case basis by review of the totality of the
circumstances." *Barfield,* 537 F.3d at 141-142.

### a. Plaintiff has adequately pled that Acosta Sr. and El Mambi Rest. Corp. was her employer

Plaintiff has pled and Defendants have acknowledged that Raul Acosta was the owner of
El Mambi Rest. Corp. and thus the defendant restaurant until October 19, 2017. The question of

whether he retained any operational control over the restaurant after transferring his interest to his son and nephew is on which would affect the apportionment of liability, not the dismissal of claims at this juncture.

    b.  <u>Plaintiff has adequately pled that El Mambi Steakhouse Corp. was her employer</u>

Defendants likewise acknowledge that El Mambi Steakhouse Corp. was Plaintiff's employer for some period of time. What period of time that was is a question of fact which would go to the apportionment of liability and/or damages, not the dismissal of claims at this juncture.

    c.  <u>Plaintiff has adequately pled that Rafaelina and Giovani Bautista were her employers</u>

In addition to what the Defendants deem "conclusory, boilerplate statements," Plaintiff has alleged that the Bautistas both directly supervised her and the other staff, issues ordered to them at work, and paid them. This Court has found this type of allegation sufficient to survive a motion to dismiss. See, e.g. *Flores v. 201 W. 103 Corp., 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017);* (denying dismissal where plaintiffs pleaded, alongside conclusory statements tailored to the four factors listed above, that the defendant was a manager and directly supervised them).

## III. THE COURT SHOULD APPLY THREE-YEAR STATUTE OF LIMITATIONS AND RETAIN CLAIMS AGAINST RAUL ACOSTA AND EL MAMBI REST. CORP.

The Defendants spill much ink averring that the Plaintiff will not be able prove that the Defendants' conduct was willful. Be that as it may, at this juncture, this Court and the Federal Rules state that Plaintiff need only plead willfulness. "Although Plaintiff has the burden of proving willfulness at trial, for the purposes of pleading, willfulness qualifies as a factual state of mind falling under Fed. R. Civ. P. 9(b) which states that the "condition of mind of a person may be averred generally." *Moran v GTL Constr., LLC*, 2007 US Dist LEXIS 55098, at *10-11

(SDNY 2007) (internal citations omitted) see also *Henry v Nannys for Grannys Inc.,* 86 F Supp 3d 155 (EDNY 2015) ("Plaintiffs' amended complaint alleges that Defendants willfully violated the FLSA. At this stage of the litigation, this general averment of willfulness suffices.")

Despite the very low pleading standard for willfulness, Defendants have seen fit to introduce as an exhibit a wage notice, attached as Exhibit 3 to the Defendants' Memorandum, and dated January 8, 2017, stating that the Plaintiff would be paid $7.50 per hour[1]. Minimum wage in 2017 was $11.00 per hour pursuant to NYLL § 652(1)(a)[2]. They have not shown nor even stated that they attempted to comply with any of the requirements that would have allowed them to pay Plaintiff below the minimum wage.[3] It is simply not plausible that they were aware of State notice requirements, but not the minimum wage itself. A document that on its face indicates Defendants' intention to violate minimum wage law cannot be construed as evidence of their intent to follow it.

## IV. THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

"In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C. § 1367(a). "'For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common

---

[1] Plaintiff has alleged that the Defendants did not, in fact, pay her at an hourly wage, but at a fixed weekly salary.

[2] Violations of the NYLL's minimum wage provisions also violate the FLSA pursuant to 29 USCS § 218(a) where the NYLL sets a higher minimum wage than FLSA. *See Garcia v Chirping Chicken NYC, Inc.,* 2016 US Dist LEXIS 32750, at *31 (E.D.N.Y. 2016)(" Both [FLSA and New York Labor Law] specify that, where the other statute prescribes a higher minimum wage, the higher wage rate shall control."), *Zurita v. Bergen Pizza Inc.,* 2016 US Dist LEXIS 28170, at *16 (E.D.N.Y. 2016), *Gomez v El Rancho De Andres Carne De Tres Inc.,* 2014 US Dist LEXIS 45580, at *18 (E.D.N.Y. 2014).

[3] Plaintiff has alleged that she did not meet the requirements for the Defendants to take a tip credit as she was not given the proper documentation and additionally spent more than 20% of her shift performing non-tipped labor. Am. Compl.  ¶¶ 59-61.

nucleus of operative fact." *Santana*, 2013 U.S. Dist. LEXIS 159530 at *18 (quoting *Salim Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (internal citations omitted)).  Courts have consistently held that "where the plaintiffs asserted both FLSA (federal) and NYLL (state) claims, the requisite common nucleus of operative fact was present." *Santana*, 2013 U.S. Dist. LEXIS 159530 at *19; *see also Shahriar*, 659 F.3d at 245.

For the reasons explained above, Plaintiff has sufficiently pled her FLSA minimum wage[4] and overtime claims and those claims should therefore not be dismissed.  Accordingly, the Court should exercise supplemental jurisdiction over Plaintiff's pendent state law claims arising out of a common nucleus of operative facts. The Court retaining jurisdiction only over federal claims would have the absurd effect of the Plaintiff maintaining simultaneous cases against an identical set of defendants with identical claims that could result in different outcomes – the very circumstance which the concept of supplemental jurisdiction seeks to avoid.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,

/s/ Clela Errington
Clela A. Errington
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

---

[4] Defendants barely mention the Plaintiff's FLSA Minimum Wage claims in their Motion to Dismiss and indeed have even provided documentation that they paid her below minimum wage. Even if this Court were to dismiss Plaintiff's overtime claims, this Court would still have jurisdiction over her federal minimum wage claims and thus supplemental jurisdiction over the attendant state law claims.