IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESENIA JAVIER MARIA (A.K.A. WANDA), *individually and on behalf of others similarly situated*,

    Plaintiff,

v.

EL MAMBI REST CORP. (D/B/A MAMBI), EL MAMBIA STEAKHOUSE CORP. (D/B/A MAMBI), RAUL ACOSTA, RAUL RYAN ACOSTA A.K.A RAULITO ACOSTA, GABRIEL CRUZ-CAPOTE, RAFAELINA (A.K.A NINA) BAUTISTA and GIOVANNI BAUTISTA

    Defendants.

No. 1:20-cv-3707-JPO

## REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants El Mambi Rest Corp., El Mambi Steakhouse Corp., Raul Acosta (herein after "Acosta Sr."), Raul Ryan Acosta (herein after "Acosta Jr."), Gabriel Cruz-Capote (herein after "Cruz-Capote"), Rafaelina Bautista and Giovanni Bautista respectfully submit this memorandum of law in further support of their motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### ARGUMENT

### I. PLAINTIFF FAILED TO ADEQUATELY PLEAD UNPAID OVERTIME AND MINIMUM WAGE CLAIMS UNDER THE FLSA

Plaintiff's efforts to shift the pleading standard of proof to Defendants with respect to her overtime and minimum wage claims are unavailing. While it is true that the standard of review on a motion to dismiss is weighted in favor the plaintiff (*Nicholas v Mhoney*, 608 F. Supp. 2d 526, 529 (SDNY 2009)) there is still a standard.

In this case the standard is that plaintiffs are required "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YSENIA JAVIER MARIA (A.K.A. WANDA), individually
and on behalf of others similarly situated,

Plaintiff,

v.

EL MAMBI REST CORP (D/B/A MAMBI), EL MAMBIA
STEAKHOUSE CORP. (D/B/A MAMBI), RAUL ACOSTA,
RAUL RYAN ACOSTA A.K.A RAULITO ACOSTA,
GABRIEL CRUZ-CAPOTE, RAFAELINA (A.K.A NINA)
BAUTISTA and GIOVANNI BAUTISTA,

Defendants.

No. 1:20-cv-3707-JPO

## REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants El Mambi Rest Corp., El Mambi Steakhouse Corp., Raul Acosta (herein after "Acosta Sr."), Raul Ryan Acosta (herein after "Acosta Jr."), Gabriel Cruz-Capote (herein after "Cruz-Capote"), Rafaelina Bautista and Giovanni Bautista respectfully, submit this memorandum of law in further support of their motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### ARGUMENT

**I.     PLAINTIFF FAILED TO ADEQUATELY PLEAD UNPAID OVERTIME AND MINIMUM WAGE CLAIMS UNDER THE FLSA**

Plaintiff's efforts to shift the pleading standard of proof to Defendants with respect to her overtime and minimum wage claims are unavailing. While it is true that the standard of review on a motion to dismiss is weighted in favor of the plaintiff (Nichols v. Mahoney, 608 F. Supp. 2d 526, 529 (SDNY 2009)) there is still a standard.

In this case the standard is that plaintiffs are required "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

*Twombly*, 550 U.S. 544, 570 (2007)). Here, Plaintiff has utterly failed to meet that standard. Moreover, rather than distinguishing her allegations from those in *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013); or *Lundy v Catholic Health Sys. Of Long Island, Inc.* 711 F.3d 106 (2d Cir. 20103) Plaintiff instead makes claims that are identical in their vagueness.

To be clear her only allegation for overtime is that she regularly worked 41 hours per week. Never 42 and never 40.5. Comp. ¶ 49. Further, while she does not recollect which days she would work an extra half hour, she is positive that it happened every week on varying days. Comp. ¶ 49. Moreover, she does not even feign an attempt at providing a reason for working an extra half hour two days out of every week for no reason. She just assures us that it happened, every week, for 6 years, on varying days, and for no reason.

The fact that Plaintiff knows that shifts started at one time and ended at another, that if you add them up it adds up to 40, and that she recalls that she was compensated for that time (Plaintiff's opp. at 5)[1] does not move the needle one iota with respect to properly alleging overtime claims. Nothing in those statements makes it "plausible" that Plaintiff was uncompensated at the overtime rate for any hours worked over 40. Moreover, despite Plaintiff's arguments, it is Plaintiff's burden to show plausibility at this stage of the litigation. Plaintiff cannot simply shift that burden because it is inconvenient for her.

## II. PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD THAT DEFENDANTS ARE "EMPLOYERS"

While Plaintiff wants to play fast and loose with respect to naming Defendants and keeping them on the hook in this action, she very well knows differentiating claims is very important. If Mr. Acosta, Sr. and El Mambi Rest Corp. are found not to be employers during the

---

[1] References to (Plaintiff's opp at ___) refers to the Memorandum of Law in Opposition to Defendants' Motion to Dismiss the First Amended Complaint filed by Plaintiff on March 2, 2021.

*Twombly*, 550 U.S. 544, 570 (2007)). Here, Plaintiff has utterly failed to meet that standard. Moreover, rather than distinguishing her allegations from those in *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013); or *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013), Plaintiff instead makes claims that are identical in their vagueness.

To be clear her only allegation for overtime is that she regularly worked 41 hours per week. Never 42 and never 40.5. Comp. ¶ 40. Further, while she does not recollect which days she would work an extra half hour, she is positive that it happened every week on varying days. Comp. ¶ 40. Moreover, she does not even feign an attempt at providing a reason for working an extra half hour two days out of every week for no reason. She just assures us that it happened, every week, for 6 years, on varying days, and for no reason.

The fact that Plaintiff knows that shifts started at one time and ended at another, that if you add them up it adds up to 40, and that she recalls that she was compensated for that time (Plaintiff's opp. at 5)[1] does not move the needle one iota with respect to properly alleging overtime claims. Nothing in those statements makes it "plausible" that Plaintiff was uncompensated at the overtime rate for any hours worked over 40. Moreover, despite Plaintiff's arguments, it is Plaintiff's burden to show plausibility at this stage of the litigation. Plaintiff cannot simply shift that burden because it is inconvenient for her.

II.   **PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD THAT DEFENDANTS ARE "EMPLOYERS"**

While Plaintiff wants to play fast and loose with respect to naming Defendants and keeping them on the hook in this action, she very well knows differentiating claims is very important. If Mr. Acosta, Sr. and El Mambi Rest. Corp. are found not to be employers during the

---

[1] References to ("Plaintiff's opp. at __") refers to the Memorandum of Law in Opposition to Defendants' Motion to Dismiss the First Amended Complaint filed by Plaintiff on March 2, 2021.

2

most recent two years of Plaintiff's employment, as they should be based on Plaintiff's own allegations, then that means there can be no Federal claims against them for that period. It is not just about "the apportionment of liability" for those claims, simply put there would be no liability for those claims. Moreover, since there are no Federal claims against Mr. Acosta, Sr., those claims should be dealt with in State Court where they belong, to the extent that any can be properly alleged, which as demonstrated above, they cannot.

Plaintiff's conclusory fast and lose statements with respect to El Mambi Steakhouse Corp., and Rafaelina and Giovani Batista should be equally scrutinized and dismissals granted.

### III. THE COURT SHOULD DECLINE TO APPLY A THREE-YEAR STATUTE OF LIMITATIONS FOR CLAIMS AGAINST RAUL ACOSTA AND EL MAMBI REST CORP.

Plaintiff has failed to adequately plead her claims under the FLSA or the New York Labor Laws, let alone plead willfulness sufficient to extend the statute of limitations for an FLSA claim from two to three years. Indeed, notwithstanding Plaintiff's purposeful misreading of the wage statement provided to claim that it proves that Plaintiff was paid improperly, to the extent there is even a wage statement to evaluate suggests that these Defendants were trying to comply with the labor laws and therefore their actions could not be willful. Thus, the two-year statute of limitations should remain intact and all federal claims against these two parties should be dismissed.

### IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

Given that Plaintiff has failed to adequately allege employer status at least as against Raul Acosta, Sr. and El Mambi Rest. Corp, as well as overtime and minimum wage violations with respect to any of the other parties, as required by *Lundy* and its progeny, this Court should decline to exercise supplemental jurisdiction over the state law claims.

3

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs FLSA and NYLL claims with prejudice against Defendants El Mambi Rest Corp., El Mambi Steakhouse Corp., Raul Acosta, Raul Ryan Acosta, Gabriel Cruz-Capote, Rafaelina Bautista, and Giovani Bautista as plead in the Amended Complaint in their entirety and grant any and all further relief as may be just and proper.

Dated: New York, New York
       March 9, 2021

By: Martin E. Restituyo, Esq.

Law Offices of Martin Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*