UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

YESENIA JAVIER MARIA (A.K.A. WANDA), *individually and on behalf of others similarly situated*,

                    Plaintiff,

           -v-

EL MAMBI REST. CORP., et al.,

                    Defendants.

20-CV-3707 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Yesenia Javier Maria brings suit against El Mambi Restaurant Corporation ("Mambi"), El Mambi Steakhouse Corporation ("Steakhouse"), Raul Acosta, Raul Ryan Acosta, Gabriel Cruz-Capote, Rafaelina Bautista, and Giovanni Bautista (together, "Defendants"), alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"). Defendants have moved to dismiss the complaint for failure to state a claim. For the reasons that follow, the motion is denied.

**I.    Background**

      The following facts, drawn from the amended complaint, are presumed true for the purposes of this motion. (*See* Dkt. No. 31 ("AC").)

      From approximately 2005 until January 27, 2020, Javier Maria, a resident of New York County, New York, was employed as a counter server at a Dominican restaurant in the Washington Heights neighborhood of Upper Manhattan. (AC ¶¶ 19, 32, 42, 44.) Javier Maria alleges that Defendants "own, operate, or control" the restaurant, and that they jointly employed her. (AC ¶¶ 2, 36.)

1

Although officially employed as a counter server, Javier Maria was also required to spend a "considerable part of her work day performing non-tipped duties," including dishwashing, cleaning the grill, sweeping and mopping, cutting lemons, and cutting chicken. (AC ¶ 5.) These tasks took up more than twenty percent of each shift. (AC ¶ 42.) In carrying out these and other duties, Javier Maria did not exercise any degree of meaningful discretion or independent judgment. (AC ¶ 49.)

Javier Maria alleges that Defendants designated her as a counter server rather than as a non-tipped employee to avoid paying her the applicable minimum wage. (AC ¶ 11.) She also alleges that Defendants failed to pay her overtime even though she regularly worked more than forty hours per week. (AC ¶¶ 50, 101, 110.) Finally, she alleges that Defendants neglected to provide her with detailed wage information, as required by state law, and that they unlawfully retained a portion of her tips. (AC ¶¶ 113-124.)

Javier Maria brought this proposed collective action on May 13, 2020, alleging violations of the FLSA and the NYLL. (Dkt. No. 1.) Defendants have moved to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. No. 33.)

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the court "must accept as true all well-pled factual allegations in the complaint and draw

all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)).

### III. Discussion

Defendants make four arguments in their motion to dismiss: (1) that Javier Maria fails to adequately plead an overtime claim under the FLSA; (2) that she fails to adequately plead that Defendants were her employers; (3) that the FLSA claims against Raul Acosta and Mambi are barred by the statute of limitations; and (4) that the Court should not exercise supplemental jurisdiction over the state-law claims. (*See* Dkt. No. 34 at 4-12.) The Court addresses each in turn.

#### A. Unpaid Overtime

Under the FLSA, subject to certain exceptions, "no employer shall employ any of his employees … for a workweek longer than forty hours" unless the employee receives compensation for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To establish an overtime claim, an employee must allege that she (1) "worked in excess of 40 hours a week," (2) "was a non-exempt employee," and (3) "was paid less than one and one-half times the regular rate for all overtime hours." *Cruz v. Rose Assocs., LLC*, No. 13-CV-112, 2013 WL 1387018, at *3 (S.D.N.Y. Apr. 5, 2013); *see also Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (explaining that, to survive a motion to dismiss an FLSA claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours"). In general, "[d]etermining whether a plausible claim has been [pleaded] is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Here, Javier Maria has sufficiently pleaded each of the required elements for an overtime claim under the FLSA. First, she has described her duties "with sufficient detail to suggest [she] was not exempted from the wage and hour laws." *Cruz*, 2013 WL 1387018, at *3. Second, she has alleged that, from April 2014 to January 2020, she "worked from approximately 3:00 p.m. until on or about 11:00 p.m., 3 days a week," and "from approximately 3:00 p.m. until on or about 11:30 p.m., 2 days a week" — for a total of 41 hours a week. (AC ¶ 51.) Finally, she has alleged that her "pay did not vary even when she was required to stay later or work a longer day than her usual schedule." (AC ¶ 56.) Courts in the Second Circuit, including this one, have previously found similar allegations enough to satisfy the pleading standard. *See Cruz*, 2013 WL 1387018, at *3 (holding that the plaintiff had successfully pleaded an overtime claim where he had provided enough detail to suggest that he was not exempted from the wage and hour laws, and had "specifically pleaded that he worked in excess of 40 hours [per] week and received no overtime pay"); *see also Hahn v. Rocky Mountain Exp. Corp.*, No. 11-CV-8512, 2012 WL 2930220, at *2 (S.D.N.Y. July 16, 2012) (finding pleading standard met where the complaint alleged "(1) Plaintiff was a non-exempt employee entitled to overtime pay; (2) he worked in excess of 40 hours a week; and (3) he was denied overtime").

The Court therefore concludes that Javier Maria has stated a claim under the overtime provision of the FLSA.

**B.    Employer-Employee Relationship**

Next, Defendants argue that Javier Maria "fails to plead that any of the defendants were her employers" under the FLSA and the NYLL. (Dkt. No. 34 at 7.)

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010) (noting that the definitions of "employer" under

NYLL and FLSA are coextensive).  Because the statute's definition "relies on the very word it seeks to define," the Supreme Court "has instructed that the determination of whether an employer-employee relationship exists … should be grounded in economic reality rather than technical concepts."  *Flores v. 201 W. 103 Corp.*, 256 F. Supp. 3d 433, 438 (S.D.N.Y. 2017) (internal citations omitted).  Under the "economic realities" test, relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Cruz*, 2013 WL 1387018, at *2 (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

But these factors are not exclusive.  Indeed, the Second Circuit has recognized that additional factors can suggest "that an entity has functional control over workers" even where the four factors are not met.  *Flores*, 256 F. Supp. 3d at 439 (internal citation omitted).  In determining whether a garment manufacturer exercised functional control over subcontracted workers, for example, the Second Circuit considered factors including "whether [the manufacturer's] premises and equipment were used for the plaintiffs' work," "the degree to which the [manufacturer] or [its] agents supervised plaintiffs' work," and "whether plaintiffs worked exclusively or predominantly for [the manufacturer]. *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003).  "In short, there is no rigid rule for the identification of an FLSA employer," so any determination must be made "on a case-by-case basis."  *Cruz*, 2013 WL 1387018, at *3 (internal quotation marks and citation omitted)

Defendants argue that Javier Maria fails to adequately plead employer status with respect to (1) Raul Acosta, (2) Mambi, (3) Steakhouse, and (4) Rafaelina and Giovani Bautista.  (Dkt. No. 34 at 8-10.)  These arguments are unavailing.

First, Javier Maria has sufficiently alleged that Raul Acosta was one of her employers. In addition to hiring her, he allegedly "determines the wages and compensation of the employees[,] … establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees." (AC ¶ 25.) Together, these claims demonstrate the existence of an employer-employee relationship under the four-pronged "economic realities" test. *See Flores*, 256 F. Supp. 3d at 442 (holding that the plaintiffs had plausibly pleaded that defendant was their employer based on allegations that defendant had exercised the authority to "(i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules[,] and (iv) otherwise affect the quality of [plaintiffs'] employment" (internal citation omitted)). Defendants argue that "[i]t is simply not possible for [Raul Acosta] to have been Plaintiff's employer" after October 2017, when he relinquished ownership of the restaurant. (Dkt. No. 34 at 8.) But, as Javier Maria points out, the degree of operational control Raul Acosta did or did not continue to wield after 2017 is a question that "would affect the apportionment of liability, not the dismissal of claims at this juncture." (Dkt. No. 35 at 6-7.)

Similar reasoning applies to Mambi and Steakhouse. Javier Maria alleges that these entities "had the power to hire and fire [Javier Maria], controlled the terms and conditions of [her] employment, and determined the rate and method of any compensation in exchange for [her] services." (AC ¶ 39.) As a threshold matter, such allegations suffice to plead employer status. But Defendants argue that because the restaurant appears to have changed ownership from Mambi to Steakhouse in October 2017 (*see* AC ¶ 30), Mambi could not have been Javier Maria's employer after that date, and Steakhouse could not have been her employer beforehand (Dkt. No. 34 at 8-9). As with respect to Raul Acosta, however, the exact period of time that the

6

two entities served as Javier Maria's employer is a question to be worked out in discovery; it is not a reason to dismiss the claims now.

Finally, Javier Maria has adequately alleged the employer status of Rafaelina and Giovani Bautista.  According to the complaint, the Bautistas "establish[] the schedules of the employees, maintain[] employee records, and [have] the authority to hire and fire employees." (AC ¶¶ 28, 29.)  In particular, both Rafaelina and Giovani Bautista "controlled the [day-to-day] employment conditions of [Javier Maria], issued orders to the staff of Mambi, including [Javier Maria], and [were] jointly responsible for issuing payment to workers."  (*Id.*).  "Taken together, these allegations raise a reasonable expectation that discovery will reveal evidence that Defendants are employers of Plaintiff … within the meaning of FLSA."  *Cruz*, 2013 WL 1387018, at *3 (internal quotation marks and citation omitted).

The Court therefore declines to dismiss the claims against these defendants.

### C.     Statute of Limitations

In addition to disputing Raul Acosta's and Mambi's status as employers, Defendants also argue that the FLSA claims against them must be dismissed for falling outside the applicable statute of limitations.  (*See* Dkt. No. 34 at 10-11.)  In general, the FLSA provides a statute of limitations of "two years after the cause of action accrue[s]."  29 U.S.C. § 255(a).  That period may be extended to three years, however, if the alleged violation is willful.  *Id.*  Defendants argue that the claims against Raul Acosta and Mambi are time-barred because "there is no allegation that [they] were Plaintiff's employers after October 2017" — more than two years before Javier Maria brought this suit — and the complaint does not adequately allege willfulness. (Dkt. No. 34 at 10.)

To state a claim for a willful violation of the FLSA, "the complaint must allege more than an ordinary violation."  *Joya v. Tutto Fresca Italian Food LLC*, No. 18-CV-1299, 2019 WL

3282941, at *2 (E.D.N.Y. July 22, 2019) (internal citation omitted).  It must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (internal quotation marks and citation omitted).  But whether an employer's conduct is willful "is a fact-intensive inquiry not appropriately resolved on a motion to dismiss." *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012).  Thus, courts considering the question at this juncture "tend to favor findings of willfulness." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 191 (E.D.N.Y. 2015).  To avail themselves of the three-year statute of limitations, plaintiffs may therefore "allege willfulness in general terms and nonetheless meet their burden of demonstrating a willful violation of the FLSA." *Id.* at 192.

Javier Maria has met that burden here.  She alleges that "Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL" (AC ¶ 86); that "Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records" (AC ¶ 79); and that "Defendants' unlawful conduct was intentional, willful, [and] in bad faith" (AC ¶ 87).[1]  These general allegations suffice to adequately plead willfulness.  A three-year

---

[1] In seeking to show that their conduct was not willful, Defendants attach a wage notice that supposedly "demonstrate[s] a clear intent to comply with the FLSA and the NYLL."  (Dkt. No. 34 at 11; Dkt. No. 34-3.)  But whether Defendants intended to comply with these laws is a question of fact "that is inappropriate for resolution on a motion to dismiss." *Fed. Hous. Fin. Agency v. Deutsche Bank AG*, 903 F. Supp. 2d 285, 291 (S.D.N.Y. 2012).  Moreover, it would be inappropriate for the Court to consider the attached wage notice on a Rule 12(b)(6) motion to dismiss.  On such a motion, "our review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Horizon Comics Prods., Inc. v. Marvel Ent., LLC*, 246 F. Supp. 3d 937, 940 (S.D.N.Y. 2017) (internal citation omitted).

statute of limitations is therefore appropriate at this stage, and the Court declines to dismiss the FLSA claims against Raul Acosta and Mambi.

### D. Supplemental Jurisdiction

Finally, Defendants argue that the Court should decline to exercise supplemental jurisdiction over Javier Maria's state-law claims. Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To determine whether claims are part of the "same case or controversy," courts consider whether they "derive from a common nucleus of operative fact" — that is, whether the facts underlying the federal and state claims substantially overlap. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal citations omitted).

Here, the FLSA and NYLL claims "arise out of the same compensation policies and practices," and thus derive from a common nucleus of operative fact. *Shahriar v. Smith & Wollensky Restaurant Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Since the Court has not dismissed any of Javier Maria's federal claims, it concludes that supplemental jurisdiction over her state-law claims is proper.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED. Defendants are directed to answer the complaint by June 29, 2021.

The Clerk of Court is directed to close the motion at Docket Number 33.

SO ORDERED.

Dated: June 8, 2021
     New York, New York

_____
J. PAUL OETKEN
United States District Judge